IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Terracino M. King a/k/a Tina King f/k/a Tina Caldwell<br>　　　　　　　　　Debtor(s) | CHAPTER 13 |
| U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association, as Trustee for Bayview Financial Mortgage Pass-Through Trust 2005-D, Mortgage Pass-Through Certificates, Series 2005-D<br>　　　　　　　　　Movant<br>　　vs.<br>Terracino M. King a/k/a Tina King f/k/a Tina Caldwell<br>　　　　　　　　　Debtor(s)<br>Scott F. Waterman<br>　　　　　　　　　Trustee | NO. 20-10261 AMC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,604.95,** which breaks down as follows;

Post-Petition Payments:　　　　May 1, 2022 at $566.95/month
Fees & Costs Relating to Motion: $1,038.00
**Total Post-Petition Arrears　　$1,604.95**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on June 1, 2022 and continuing through November 1, 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$566.95** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$267.49** beginning June 2022 through October 2022 and $267.50 for November 2022 towards the arrearages on or before the last day of each month at the address below;

M&T Bank
P.O. Box 1288
Buffalo, NY 14240-1288

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: __April 28, 2022__         By: /s/ Rebecca A. Solarz, Esquire
                                 Attorney for Movant

Date: 5/3/22                     _____
                                 Brad J. Sadek Esq.
                                 Attorney for Debtor(s)

Date: _05/04/2022_   /s/ *Ann E. Swartz, Esquire for*
Scott F. Waterman Esq.
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan